[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The defendant in File #CR020180647 was charged with Larceny in the Third Degree in violation of Section 53a-124 (a)(2) of the Conn. Gen. Statutes wherein the State alleged that the defendant with intent to deprive Lance and Sheila Bragg of property or to appropriate the same to herself did wrongfully take, obtain or withhold such property, to wit: a fence and the value of the property exceeded one thousand dollars.
This court after a trial to the court finds the defendant not guilty of Larceny in the third degree in that the State failed to prove beyond a reasonable doubt that the value of the fence exceeded one thousand dollars.
This court however found the defendant guilty of Larceny in the Sixth Degree in that from the testimony of Mr. Bragg and from the defendant's own testimony the defendant wrongfully took the Bragg's fence and never returned same to the Braggs. The defendant therefore deprived the Braggs of their property in that she withheld it permanently or for so extended a period of time that the major portion of its economic value or benefit was lost to them.
In file #CR020184061 the defendant was charged with Criminal Trespass in the First Degree in violation of Section 53a-107 (a)(1) of the Conn. Gen. Statutes. This court after a trial to the court found the defendant guilty as charged.
The defendant admitted that she was told by the Judge in G.A. 2 that she had to transplant her trees and bushes that were on the Bragg property on or before August 16, 2002. Mrs. Bragg testified that she saw the defendant on her property on August 21, 2002. The defendant denied this and said on August 21, 2002 that she was in "no man's land" taking pictures of a tree that had been cut down. The issue was one of credibility and from all the testimony this Court finds Mrs. Bragg the CT Page 2537 more credible witness.
The defendant in File #CR020178808 was charged with Threatening in violation of Section 53a-62 (a)(2) of the Conn. Gen. Statutes, Disorderly Conduct in violation of Section 53a-182 (a)(2) of the Conn. Gen. Statutes and Interfering with an Officer in violation of Section 53a-167a of the Conn. Gen. Statutes.
This Court after a trial to the Court found the defendant not guilty of the crime of Threatening and guilty of Disorderly Conduct and Interfering with an Officer. The defendant committed the crime of Disorderly Conduct in that from the testimony of Mr. Bragg and of the defendant John Silano that Mr. Bragg was hot headed so the defendant Angela Silano hosed him down; the defendant Angela Silano with intent to cause annoyance did by her offensive conduct annoy Mr. Bragg. The defendant Angela Silano's testimony that it was simply an accident as she was turning around was an insult to this Court's intelligence.
The defendant Angela Silano committed the crime of Interfering with an Officer when she offered passive resistance to being arrested i.e. sitting down and putting her hands behind her back. From the testimony it was clear that her actions hindered and delayed the police in removing her from the premises and thereby caused the situation to escalate.
The Court
by Damiani, J. CT Page 2538